```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

TINA J. CARSON,                    :
                                   :
    Plaintiff,                    :
                                   :
vs.                                :   CIVIL ACTION 17-0567-CG-M
                                   :
EEOC HEADQUARTERS,                 :
                                   :
    Defendants.                   :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and in *forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees. This action has been referred to the undersigned pursuant for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(R), and is before the Court for Plaintiff's failure to comply with the Court's Order and to prosecute this action.

On March 20, 2018, Plaintiff was ordered to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure by April 16, 2018 (Doc. 3). Plaintiff was warned that her failure to comply with the Court's Order within the prescribed time, or to notify the Court of a change in address would result in the dismissal of this action for failure to prosecute and to obey the Court's Order (Doc. 4). The Order was mailed to Plaintiff at 957 Baltimore Street, Mobile, Alabama

36605, her last known address.  To date, the Court has not heard from Plaintiff since the Order was entered, nor has the Order been returned as undeliverable.  Thus, the Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); see also World Thrust Films, Inc. v. International Family Entm't, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995) (requesting the court to consider lesser sanctions); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989)(Same); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)(Same); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)(Same); Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir.1988) (Unpublished); Accord Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related

expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the courts' inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683 (1993).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 11th day of May, 2018.

                                       s/BERT W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE